IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| REBECCA SMITH, | § | |
| Plaintiff | § | |
| v. | § | Civil Action No. |
| JEFFERSON PILOT FINANCIAL INSURANCE COMPANY | § | |
| Defendant | § | |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

COMES NOW, Plaintiff, Rebecca Smith, and makes the following representations to the Court for the purpose of obtaining relief from the Defendant's refusal to pay long term disability ("LTD") benefits due under an employee benefits plan under the Employee Retirement Security Act of 1974 ("ERISA"), and for Defendant's other violations of ERISA:

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject Disability Benefit Plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and

this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Rebecca Smith, ("Plaintiff"), is currently and was at all relevant times, a resident of Loudon County, Tennessee.

5. Plaintiff alleges upon information and belief that Defendant Jefferson Pilot Financial Insurance Company ("Jefferson Pilot" or "Defendant") is the issuer of policy number CL000008365900000 ("Policy"), and is the party responsible for making the decision to approve or deny Plaintiff's benefits under the Plan. Jefferson Pilot is an insurance company licensed to do business in this state, and may be served with process by serving the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

## FACTS

6. Plaintiff was employed by IMCO Recycling ("Employer") at its Loudon, Tennessee facility, as a Customer Service Representative.

7. Employer maintained an LTD Plan ("Plan") for the benefit of its employees. The Plan was funded by the Policy.

8. Plaintiff is a participant or beneficiary of the Plan and is covered by the Policy that provides benefits under the Plan.

9. Plaintiff ceased work due to a disability on December 12, 2002, while covered under the Plan.

10. Plaintiff has been and continues to be disabled as defined by the provisions of the

Plan.

11.     Plaintiff timely filed an application for benefits under the Plan.

12.     Plaintiff's benefits were initially approved, and she received benefits under the Plan through August 1, 2005.

13.     Defendant sent Plaintiff a letter denying further benefits on July 7, 2005.

14.     Plaintiff timely appealed this denial, and Jefferson Pilot issued a second denial on March 17, 2006.

15.     Plaintiff timely appealed the second denial, and Jefferson Pilot issued a third and final denial of Plaintiff's claim July 24, 2006.

16.     The Plan documents do not grant discretion or any purported grant of discretion is not sufficient to grant discretion to the entity that made the decision to deny benefits.

17.     The Court's standard of review is *de novo* under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989).

18.     The entity that made the decision to deny benefits would pay any benefits due out of its own funds.

19.     The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

20.     The entity that made the decision to deny benefits allowed its concern over its own funds to influence its decision-making.

21.     The Defendant insurance company has acted under a policy to take advantage of the potential applicability of ERISA to claims.

**FIRST CAUSE OF ACTION
FOR PLAN BENEFITS AGAINST ALL DEFENDANTS
PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

PLAINTIFF incorporates the allegations contained in paragraphs 1 through 21 as if fully stated herein and says further that:

22. Under the terms of the Policy, Defendant agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

23. Plaintiff is disabled under the terms of the Plan

24. Defendant failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

25. The decision to deny benefits was wrong under the terms of the Plan.

26. The decision to deny benefits and decision-making process were arbitrary and capricious.

27. The decision to deny benefits was not supported by substantial evidence in the record.

28. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

29. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the LTD Plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 14th day of December, 2006.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: s/Eric L. Buchanan
Eric L. Buchanan (#018568)
R. Scott Wilson (#019661)
Amanda E. Scales (#024694)
414 McCallie Avenue
Chattanooga TN 37402
(423) 634-2506
FAX: (423) 634-2505